2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

300 N. Hogan Street, Room 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

**U.S. Department of Justice**

**United States Attorney**
**Middle District of Florida**

*Main Office*
*400 North Tampa Street, Suite 3200*
*Tampa, Florida 33602*
*813/274-6000*
*813/274-6358 (Fax)*

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

*Reply to: Tampa*

November 18, 2026

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

**Re: *United States v. Scott,* No. 25-10826**
**Fed. R. App. P. 28(j) Supplemental Authority Letter**
***Oral argument scheduled for November 19, 2026; the United States will electronically file this letter on November 18, 2026, as well as hand-deliver copies of the letter to the Court and counsel on November 19, 2026.***

Dear Mr. Smith:

The United States submits the following supplemental authority in support of its argument on Scott's Issue III (pages 31–36 of the United States' brief). Although Scott referred to this exact case in the district court, regarding this issue, *see* Doc. 149 at 9, (and, therefore, the United States may not need to notice the case under Rule 28(j)), Scott did not cite the case in opening or reply. Thus, in an abundance of caution, the United States notices the case now, so that it may refer to it at oral argument, if need be, without surprise to the Court:

*United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020).

In *Bates*, this Court held:

> Bates did not accept responsibility—he pleaded guilty to only two of the five counts. Thus, Bates put the government to its burden on the three remaining counts. Moreover, as the district court observed, even his two guilty pleas "were entered … more as a benefit to Mr. Bates than under any acceptance of responsibility." As such, the district court did not clearly err by denying Bates a two-level reduction for acceptance of responsibility. *See United States v. Thomas*, 242 F.3d 1028, 1034 (11th Cir. 2001) (holding that "acceptance of responsibility is all or nothing under § 3E1.1. A defendant who fails to accept responsibility for all of the crimes he has committed and with which he has been charged is entitled to nothing under § 3E1.1").

As the United States explains in its response brief, the district court here observed that Scott's plea to two of three counts could be "strategic," then confirmed with the United States that Scott's trial-eve plea had not relieved the United States of its burdens at trial, before informing Scott's counsel that it's "all or nothing" regarding a defendant's assertion that his partial guilty plea entitles him to a guidelines reduction for relieving the government of trial burdens. *See* Doc. 149 at 28. In light of *Bates*, the district court did not clearly err by denying Scott a two-level reduction for acceptance of responsibility.

Very truly yours,

GREGORY W. KEHOE
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

By: *s/ Karin Hoppmann*
KARIN HOPPMANN
Assistant United States Attorney
Appellate Division

## Certificate of Service

I certify that on November 18, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

DANIELLE MUSSELMAN, ESQ.
Federal Public Defender's Office

*Counsel for Lewis Scott*

*s/ Karin Hoppmann*
KARIN HOPPMANN
Assistant United States Attorney