*2110 First Street, Suite 3-137*
*Fort Myers, Florida 33901*
*239/461-2200*
*239/461-2219 (Fax)*

*300 N. Hogan Street, Room 700*
*Jacksonville, Florida 32202*
*904/301-6300*
*904/301-6310 (Fax)*

**U.S. Department of Justice**

*35 SE 1st Avenue, Suite 300*
*Ocala, Florida 34471*
*352/547-3600*
*352/547-3623 (Fax)*

**United States Attorney**
**Middle District of Florida**

*400 West Washington Street, Suite 3100*
*Orlando, Florida 32801*
*407/648-7500*
*407/648-7643 (Fax)*

*Main Office*
*400 North Tampa Street, Suite 3200*
*Tampa, Florida 33602*
*813/274-6000*
*813/274-6358 (Fax)*

---

*Reply to: Tampa*

November 18, 2026

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

**Re: *United States v. Scott,* No. 25-10826**
**Fed. R. App. P. 28(j) Supplemental Authority Letter**
***Oral argument scheduled for November 19, 2026; the United States will electronically file this letter on November 18, 2026, as well as hand-deliver copies of the letter to the Court and counsel on November 19, 2026.***

Dear Mr. Smith:

The United States submits the following supplemental authority in support of its argument on Scott's Issue I (pages 16–26 of the United States' brief)—especially regarding harmlessness (pages 24–26).

*United States v. Adams*, 2026 WL 3346684 (11th Cir. Nov. 5. 2006) (published).

In his reply brief, Scott clarifies that the "mental state or condition that constitutes an element of the crime charged" under FRE 704(b) (the condition regarding which, Scott asserts, an "expert witness … [impermissibly] state[d] an opinion" that he himself harbored the condition) is "knowingly possessing a firearm in furtherance of a drug trafficking crime."

In *Adams*, this Court reiterated that the government proves three elements under 924(c): The defendant "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug trafficking crime." *Id.* at *8. And, to satisfy "in furtherance of," must prove: "'some nexus between the firearm and the drug selling operation.' *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) … Factors relevant … include 'the type of drug activity … being conducted, accessibility of the firearm, … the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.'" *Id.* at *8.

If Scott now argues the court's purported evidentiary error (failing sua sponte to exclude testimony under 704(b)'s exception to 704(a) admissibility) affected sufficiency regarding the jury's "in furtherance of" determination, we point to the prosecutor's closing argument, Doc. 157 at 138–42: It details the overwhelming evidence of "in furtherance of," entirely apart from the now-challenged testimony, under every *Timmons* factor recited in *Adams*. The prosecutor then notes Scott's girlfriend's testimony—that Scott did not merely "constructively" possess the firearm found in the car, as defense counsel argued (*id.* at 150–53); the gun was his (*not* hers), and he put it in the car that day, "[i]n case of robberies" (*see id.* at 57–61). The prosecutor then refers to the challenged testimony—as corroboration for the girlfriend's assertion that Scott brought the firearm for robbery protection.

Very truly yours,

GREGORY W. KEHOE
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

By: *s/ Karin Hoppmann*
KARIN HOPPMANN
Assistant United States Attorney
Appellate Division

## Certificate of Service

I certify that on November 18, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

DANIELLE MUSSELMAN, ESQ.
Federal Public Defender's Office

*Counsel for Lewis Scott*

*s/ Karin Hoppmann*
KARIN HOPPMANN
Assistant United States Attorney